This is Cavalry SPV Good morning, Your Honors. I may please the Court. Dan Geiser for Appellant Margaret Torres. I'd like to reserve three minutes for rebuttal. Okay. Defendants are professional debt collectors. Their scheme involves intentionally flooding bankruptcy courts with time-barred claims. Well, let me say what your argument is. Point us to the applicable statutory text and tell us why, what they're doing, how you characterize it. How it's inconsistent with the FDCPA. Well, it's inconsistent with the FDCPA in multiple respects. They're asserting a right to payment that doesn't exist. That's mischaracterizing the character and legal status of the debt. A right to payment doesn't exist. The right to payment does exist. It's the enforceability. Well, that is the right to payment, Your Honor. The Supreme Court has said on four separate occasions that the right to payment under the Code, the definition of the Code is Section 101.5a, means a legally enforceable obligation. If you don't have a remedy, there's no way to enforce it. As this Court explained in Huerta's, at that point, it's a moral obligation, but there's no legal obligation. But the key word there is obligation, not the answer to describing the kind of obligation it is. If the obligation still exists, why is it then inconsistent for them to file a claim based upon what you're conceding is an obligation which does exist? Well, Your Honor, I actually think there's a different key word, according to the Supreme Court, which is enforceable. They didn't just say it had to be an obligation. It had to be an enforceable obligation. And the quintessential feature of a time-bar claim is it's no longer enforceable. At that point, it's a moral obligation as four separate circuits have held. But that could be decided in the Bankruptcy Code. That can be decided in the Bankruptcy Court. And it was. And you hear that it was disallowed. So why shouldn't that be decided in the Bankruptcy Court where we encourage the filing of claims, unliquidated claims, contingent claims, something that's not readily enforceable? I mean, a contingent claim is not technically enforceable at this moment because something has not happened yet. But yet that's a claim, and it should be filed so the Bankruptcy Court can decide. Your Honor, I think there are two points here. The first is that we disagree that a contingent claim is an enforceable obligation. If I have a contingent contract, and let's say if something happens on a certain date, I have to pay money. If I declare today that I will breach that contract, even if that contingency occurs, I'm most certainly breaching that obligation. You could sue me for enforcing it in court. That's very different than a time-barred claim, which is not enforceable under any circumstances. That's not true. You could have a claim that's very stale, and if you get the, under Pennsylvania law, correct me if I'm wrong, if you get the debtor to acknowledge the debt owed, then that resurrects the claim, does it not? It does, Your Honor, but it takes a separate independent legal act that doesn't exist under the current situation. But either way, you've got some conditions subsequent or some contingency that occurs, whether it's an unmatured claim, a contingent claim, an unliquidated claim. How are those qualitatively different from this time-barred claim, which also can be brought back to life? Your Honor, I don't think that is what Congress had in mind when they set a contingent claim. I think that's clear from the text of the Code. If you look to Section 502B1, it talks about you can't object on the grounds that the claim is contingent. But at the same time, Congress also said in Section 558 of the Code that the statute of limitations is grounds for striking a proof of claim. So I don't think that's really what Congress had in mind. But even if you disagree with us on this, even if you think that a time-barred claim that's unequivocally time-barred on its face is still an enforceable obligation, even though the Supreme Court, I think, would disagree with that proposition, I think we still prevail because parties who file claims or any other document in the bankruptcy process have to have a good faith basis for the claim. But what is the policy behind FECPA? How does that come into play at all in the context of the bankruptcy court system, where we encourage the filing of proofs of claim, we leave it to the bankruptcy court to police, there is an automatic state provision so the debtor is not compelled the way the FDCPA wants to disincentivize. How does the policy of the FDCPA fit in the bankruptcy process? Well, to take them in turn, the policy of the FDCPA matches perfectly here. Congress contemplated bankruptcy directly in the FDCPA. They referred to bankruptcy in the purpose of the statute. It's an overlay to existing procedural protections. The protections under the code are calibrated. How does a debtor in bankruptcy need protection? Your Honor, they definitely need protection. They're protected by the code. They're protected by the code, but the code breaks down and fails. There is not a single instance where these claims are allowed unless the bankruptcy process breaks down and fails. Even if the claim is allowed, the debtor will not, cannot, must not write a check. It just dissipates the percentage that other creditors will get. So there's not the same situation as you have outside of bankruptcy. Your Honor, that's not true for 100% plans. For a 100% plan, every single penny that the debtor is paying is going to the creditor. So if a time-barred claim is approved, it actually hurts the debtor directly. Even without a 100% plan, unfortunately, most Chapter 13 cases, they fail. They're either converted to Chapter 7 or they're dismissed. Statistics suggest about two-thirds, actually, are dismissed or converted. And I assume, is this in the record or is this guys are in bankruptcy? I'm sorry, Your Honor? It says in the record or is this guys are in bankruptcy? There are statistics that suggest this, but even without that, I don't know. Where are those statistics? It's like listening to the news in the presidential campaign. It's something to add to the whole statement. I apologize, Your Honor. There have been studies. I do not recall if we cited them in our reply brief or not, but I think we can all agree that not every Chapter 13 plan succeeds. And we did cite a case. So then there's no discharge? Is that what you're saying? There's no discharge. And so that every legitimate creditor, their claim has been paid down less. So the debtor is left with a higher balance on the legitimate claims.  Yes, they do, Your Honor. In a strange way, what I find sort of ironic is the FDCPA, as I understand it, is all about protecting the citizenry from getting badgered by debt collectors and overbearing efforts to pursue people, right? You agree on that, right? I agree that that's one purpose, but certainly not the only one. Right, but one of the ironies of your argument, as I understand it, is correct me if I'm wrong, is that for those that get a discharge, if you lose the case and people get a discharge, then those bothersome debt collectors won't keep coming after people. If you win the case, there's nothing to prevent them from calling somebody every month, saying, hey, you owe me $1,000, even if that debt statute of limitations ran five years ago. Isn't that right? There actually is something that prevents it. It's in the FDCPA itself, under Section 1692C, subsection C. A debtor simply has to inform the debt collector in writing, I will not pay this debt, and they have to cease communications going forward. Well, but only a tiny percentage of people invoke that. I think as Chief Judge Wood pointed out in the Seventh Circuit and as Judge Diaz pointed out in the Fourth Circuit, debtors are far more concerned about paying time-bar debts that they otherwise have no obligation to pay. And I think creditors are far more concerned about having their legitimate claims deleted because time-barred claims are submitted in the process. The one thing, maybe the biggest hurdle in my own little feeble mind that gets in the way of your argument is 502B1, that states that the claim is using bankruptcy code. The code provides for disallowance of claims that are, quote, unenforceable against the debtor or property of the debtor under applicable law. Now, doesn't that specifically allow for filings of claims where the obligation cannot be enforced because of statute of limitations? If it does not mean that, what did Congress intend to put 502B1 into the code? I think there are multiple things Congress is thinking of. You need to have some provision to discard claims that are filed in good faith, but they may be untimely. There's nothing here about good faith. Unenforceable against the debtor or property of the debtor under applicable law. It seems to me that the court is saying a claim, the term claim is used in the code does not exclude debts where the ability to collect on the debt is no longer legally enforceable. Your Honor, again, we do think that the best reading of claim, because this is what the Supreme Court has told us it means, is that it has to be an enforceable obligation and a time-bar debt isn't. Your Honor, the Supreme Court has told us, is this the same book that has the statistics that gave us that? No, no, no. We've got Congress saying something different. Your Honor, Congress said right to payment, and the Supreme Court said, considering what they described as the plain language of right to payment, it has to be an enforceable obligation. This isn't Geiser on bankruptcy. This is Davenport Johnson next wave. What about Congress on bankruptcy as pronounced in 502B1? 502B1 said Congress needed to have some mechanism so that when a creditor files a claim that, in fact, is not enforceable or files something that's frivolous or fraudulent, they need to have some way to discard it from the procedure. So it anticipates that they will be filed and that that's fine. There's no sanctions there. Your Honor, that same argument would suggest that under Rule 11, the Rules Committee assumes that parties will file frivolous litigation and they encourage it, or that under Title 18, Congress assumes people are permitted to commit felonies. Rule 11 provides sanctions. This doesn't have a sanction. Yes, it does, Your Honor. Under Rule 9011, which is the counterpart to Rule 11, they're cut from the same cloth. Courts have said that they're construed exactly the same way, that every claim filed in the bankruptcy process has to have a good faith basis in its enforceability. So here debt collectors are filing claims that they know should lose. If anyone objects, they walk away or they agree that they're wrong. So there's sanctions under the Bankruptcy Code. Why would we then not be content to have sanctions under the Bankruptcy Code and not incorporate something that's not intended to be the bankruptcy sanction? Well, Your Honor, the FDCPA is an overlay to the Bankruptcy Code. That might be a good argument in a preemption. Well, that's your argument. Who says that? In a preemption context, it might matter that there's the remedies that exist. In a preclusion context, as this Court recognized in Simon, unless there's a positive repugnancy between the two laws, this is what Johnson explained in the Eleventh Circuit, it has to be incompatible to enforce both at the same time. In this case, it's very easy to enforce both. The claims process is wholly permissive. No one is required to file a claim that they know is frivolous, that they will concede, and I'll be surprised if they don't. You're equating frivolous with legally unenforceable. I'm not sure that's an appropriate context, Your Honor, given what I just told you what 502B1 says. If frivolous means unenforceable, then 502B1 makes absolutely no sense because it allows for the filing of frivolous claims. Your Honor, I think 502B1, again, is a procedure that exists that you can dispatch claims that don't belong to the process. But you're substituting your language for what Congress said. What you can do is dismiss claims that are not enforceable under applicable law. But it's still a claim. Well, no, because claims is not defined under 502B1. It's defined under Section 101.5A. But, again, what does 502B1 mean? And the claim under 101 does not say legally enforceable. It's his right to payment. But, again, Your Honor, I think that with all respect, the Supreme Court on four separate occasions has said that the plain language of that statutory meaning is an enforceable obligation. And they said not just an enforceable obligation. It's nothing more nor less than an enforceable obligation. Were those all in the statute of limitations context? This is not in the statute of limitations context, but it's in four separate factual backdrops. Because, to my mind, statute of limitations is an affirmative defense. Right. I have a difficult time saying that it really, you know, that you can't come into court and ask for help. Isn't that the nub of this case? It's not self-executing. You know, there may be some other claims, none come to mind immediately, that just are dead on arrival in a self-executing way. But isn't Judge Rendell right because this is an affirmative defense that makes it different? Judge Rendell is right that this is an affirmative defense, but I don't think it makes a difference. And we cited cases from four different circuits. Why not? If it's an affirmative defense and it's not self-executing, don't we all as lawyers, when we're representing clients, and a client walks into your office and they've got a good cause of action, and someone owes them damages because of a tort or a contract or anything else, don't we as lawyers have an obligation, even after we say, oh, my goodness, they came to me six months too late, don't we have an obligation to plead that? And you hope the other side makes the same mistake the first lawyer that they went to made. Your Honor, absolutely not. And we cite cases from the Fifth Circuit, the Seventh Circuit, the Tenth Circuit, and I'm missing one, but there is one more that we actually do cite in our brief. So you tell that client, you have a great cause of action, I'd love to get you $10 million for the fact that you're now a quadriplegic, but I'm not going to put that cause of action in because it's time-barred. If it's a time-barred claim, the law under Rule 11, which I think is settled, and I haven't seen anything to suggest that there's a different rule somewhere else, if you are aware of an ironclad affirmative defense, you cannot submit that claim. But there's never anything ironclad because you're always going to try to concoct an inequitable tolling argument. You know, for every rule there's an exception, right? And if you have a good faith basis for filing it, that's not what we're talking about today. We're not talking about claims that are debatable. We're talking about claims that are knowingly time-barred. In fact, one of the arguments that the defense — But we're using language that is not in what seems to me to be pretty clear language of 502B1. Your arguments are very good arguments, but they're not based upon the text that I just gave you of 502B1. Your Honor, I don't think — I think it is based on a fair reading, both of what the Supreme Court has said the definition of claim is, based on the structure of the code, looking at 502B1, 558, the duty imposed on the trustee to object to baseless claims. I think it's consistent with Rule 9011, which is you need a good faith basis for every filing. I don't think Congress had to expressly say that baseless, frivolous claims are forbidden. In order to forbid baseless and frivolous claims, it's prohibited. When they define claims, they don't talk about good faith or the mindset of the creditor. They simply talk about a right to payment. And then getting back to Judge Rendell's point, even if it's a contingent claim, and the point for contingency has not yet occurred, then nevertheless, it is under the code, it is a claim. Reading that together with 502B1, it seems to me pretty clear that even though a claim may not be enforceable, and that's under applicable law, and that is the statutory text, it is still nevertheless a claim under the bankruptcy code. Your Honor, but again, you still need to get it. That's so simple. Why are you trying to make this more complicated? Well, because I actually think it's very simple. But you mean it's more complicated against what any of your judges are pointing out. I fully agree, but I actually think the simplest way to do this is to take the Supreme Court to mean what it's plainly said on four separate occasions. But it was not a statute of limitation case. They weren't. But it was essential components that was tied up to the reasoning that the court had in their actual holdings. Right, but they haven't had this case before them. No, and that's certainly true, Your Honor. It may be a big chance. It may be a contender. We actually have two separate petitions that are pending right now. So should we stay this case? When are those going to be ruled on? How close are those in the process? They should be distributed today for the October 7th conference, so they are coming up fairly soon. Now, it is also an eight-member court at the moment, so we don't know if they're going to review it or not. I'm sure they'd appreciate this court's input. I think so. We shouldn't be so sure about some things. I just saw a few of them yesterday, and I didn't think they were interested in us at all. Let me try this from a different perspective because I think it may help. The entire purpose of the code, the reason that we want claims included in the process, it's twofold. It's one, to give the debtors a fresh start. They need the broadest relief possible so that they're not crushed down by these financial obligations. That point doesn't help the debtors here because these claims are already time-barred. Chief Judge Wood explained this in her dissent. They don't need the protection of discharge. The operative language there in that sentence you just used is not chief, not judge, not Wood. It's dissent. That's fair, but it's also the Seventh Circuit, which doesn't bind this court in its independent review of the law. But I think that the debtors aren't benefited by including frivolous time-barred claims. It actually burdens the process where everyone has to object to these claims. That should be rejected and will be rejected every single time unless there's a malfunction. That's an argument you make to Congress, not to this court, which has to look at 502B1, and my little feeble mind is reading 502B1 in a way that is very simple, and you're trying to make it very complicated for me. You know what? I think the simplest way to approach this is putting aside the bankruptcy code for a moment. I know. It would be a very simple way. Let's put it aside. Let's put the statute aside. Let's put the precedence aside. The question right now is whether these are unfair or unconscionable claims or whether they're deceptive or misleading. And so even saying let's pretend that it's not actually a deceptive and misleading characterization of the status or character of the debt to say I have an enforceable obligation when they don't. Let's put that aside. It's certainly unfair and unconscionable to submit a claim in a process that should lose every single time as Congress intended. And we know this because, as you pointed out, Your Honor, under 502B1, you can object to claims that are unenforceable under applicable law. We know from 558 that debtors can't do that. The statute has said you used unenforceable law, unenforceable, but you still recognize that those are, quote, claims, just quote, unquote, claims. That's the term that we're hung up on here. Your Honor, I don't think Congress had to say a purported claim to convey its obvious intent. But putting that aside, it's very clear that these claims are supposed to lose. There is no scenario. A hundred percent of the time. They may have lost. They may have lost in this case. But they're allowed to be filed. And if a creditor can't participate in the bankruptcy process without violating the Fair Debt Collection Act, isn't there a direct conflict here? Absolutely not, Your Honor. The question is why aren't they, what are they losing by not filing a claim? That's not the point. That's not the point. What are they losing? It's when they file a claim and say, please, you know, include me in this process, and then they get slapped with a Fair Debt Collection Act. They have no basis for being included in the process. And they're violating your claim. We'll get you back on. All right. Thank you. Good morning, Your Honors. May it please the Court. Donald Maurice. I represent Calvary SPV1. I think that we talked about the Seventh Circuit a moment ago when we were talking about a claim. This Court has spent decades describing what a claim is. And the Third Circuit has treated it in the broadest possible sense. And, in fact, in In re Grossman's, the Third Circuit said, it's more extensive than a state clause of action. Meaning you don't have to be able to sue in a state court to have a claim. When debtors file bankruptcy, especially Chapter 13 wager in their plans, it's a very important decision they have to make. Why are they doing it? Is it because of lawsuits? Maybe. But I bet you more times than not, it's due to phone calls. It's due to letters. And so when we look at a claim, do we have to say that it's simply something you can sue on in a state court? Or as the Third Circuit has said in In re Rodriguez, it's just enough to be able to ask for a payment. That's what the 13 stops. And how does it stop it? 362A, the automatic stay. And it's interesting what the language of 362A says. That it will stay any act to collect, assess, or recover a claim. Not a debt, a claim. Why? Because the moment Ms. Torres filed her Chapter 13 petition, all creditors with claims, whether they had notice or not, were state, including Calvary. Calvary has a right under state law to make phone calls and letters to Ms. Torres. And that basically accomplishes the purpose of the FDCPA, does it not? Exactly. Exactly. What are we here for? We're here because creditors are participating in a process. But what is the end result? To stay their collection actions and to discharge their debts? And that's abusive and harmful to consumers?  That's what the code is intended to do, and it works. And it worked here with Calvary. Calvary put its claim in. As the record shows, it purchased the debt seven years before the bankruptcy. Obviously, its efforts failed. Debtor files bankruptcy. Calvary files the claim, acknowledging we're part of the process. There's no due process concerns now because Calvary clearly has notice, right? Actual notice. And they participated. The claim is disallowed, and we're done. Why do you say unfair and unconscionable? I mean, it's hard not to say that this whole scheme is really tawdry. Well, no, I don't think so, Judge. The creditors have something. They don't have the right to sue, but many of our FDCPA cases are not about suing. Lawsuits for $300 debts are not the usual means that people take to collect debts. It's phone calls and letters. There's still a right under state law. It's a property right. That's what Judge Barnes says in Ray Glenn. I agree. And that's what's so troubling to Judge Rubino below, the tension. We have a bankruptcy court taking away something from a creditor, and we're about to tell that creditor, you can't participate. Even though you're likely going to be permanently enjoined forever doing something that is entirely permissible under state law to do, we're going to permanently enjoin you, and you have no right to be heard. That's wrong. But how analytically do we say that this can't be? Would you adhere to Chief Judge Jacob's opinion in Simmons' case in the Second Circuit or the Fourth Circuit case? How analytically? Are we talking here about preemption? Are we talking about legislative history because there's an ambiguity? Are we talking about total conflict of these laws? I think every court that's looked at this since Crawford has come to at least one conclusion. We have a claim. Even the Eleventh Circuit had to concede that in Johnson v. Midler. Every other circuit, the Fourth and the Seventh and the Eighth, have said it's simply not a violation because it is permissible. So you don't get into the conflict? You never get into it. Everyone says all we're saying is. It's not a violation because your argument is that the bankruptcy code says this is the way it works. The way it works is, and anyone who's ever done any bankruptcy cases know, people are lobbying claims left and right, and they take a lot of liberties about valuing those claims, et cetera. You're just saying this is the way the process works. The process works that way to encourage creditor participation because we want to bring all these claims in so the debtor gets the ultimate relief. If we have to sit there, we're going to say now there's a risk for a creditor under the FDCPA to file a proof of claim. Creditors are going to say, I don't want to file a proof of claims anymore. Even if there's the slightest risk, we're discouraging their participation by doing this. That would help the debtor. Oh, no, I don't think it helps them. I think it helps the creditor, actually, in the end result. Well, if creditors are afraid to file claims, then the debtor's going to get discharged. And if we say it's not a claim, under 362.86, it doesn't get stated. I see. So the process doesn't reach its logical conclusion. There's no fresh start. You're right back to square one. You're right back to square one because once you get into the denial of due process, once you say a creditor can't participate but we're going to try to discharge its claim, that's where you run into that problem. That's the tension Judge Rubino saw and Judge Barnes saw in Enrique Glenn that we cite in our papers. Thank you. But Paul, I assume you were concluding even though you have more time left. I'm not answering all your questions. I think we've answered all the questions. Thank you. Mr. Geiser? See how he thought when his green light was turned on? Did you see that? I did. It was excellent, obviously, but I'm going to try one more time because I'm convinced. I'm trying to—I'm convinced that we actually have some good points here, and I hope that I can convince you, too. So let's get your green light going because I get a feeling that we haven't enough time to get you to stop when the red light comes on. Okay, go ahead. I think that the first point I'd like to make is that my friend suggests that we're taking away a right from creditors, but the right we're taking away is the right to file an absolutely frivolous claim that we'll lose every single time unless the system malfunctions. This is not going to deter any legitimate creditor from participating in the process under the FDCPA. But why is it you're putting frivolous with time-barred, and I think we've talked about this before, under the law, clearly, a time-barred claim may well not be frivolous. There may have been an intervening offer to pay. There may be some kind of torrent there. The fact that the time is run under the statute does not mean at all that, as a matter of law, the statutory bar is going to be operative against the creditor. It may be, it usually is, but it may not be. We're not talking about claims that have a good faith basis for believing they can have relief from the time bar. We're talking about claims that everyone agrees are absolutely time-barred, claims that when the debt collector submits them, they know it can be certain relief. Well, but how do you know that if you're a creditor that I'm absolutely time-barred, or there's a question about whether I'm time-barred, or, I mean, if you're going to draw those lines, it's going to be just a matter of conviction. Remember, the Asian tenants in this case have suggested that the reason these claims aren't misleading is because they're so clearly baseless on their face that no one, including unrepresented debtors, could possibly be deceived. So I think this is a situation where professional debt collectors are certainly aware of what they're doing, and what they're doing is... But he purchased the debt before it was time-barred. Exactly, and they purchased it at a, well, no, they purchased everything after it was time-barred, and they purchased debts at a reduced price because they're time-barred. So why wouldn't any trustee worth her salt simply do an omnibus objection to every claim filed by professional companies like this? Isn't that automatic? It isn't, Your Honor, because the trustee needs a good faith basis for their objection. Yeah, the good faith basis is, Judge, these sharks are in the business of trying to collect legally time-barred claims, and that's why I did an omnibus objection objecting to every claim that that company put forward. Your Honor, if trustees did that, this scheme wouldn't exist, because they'd lose every single time. Maybe it should exist. Wouldn't that be a nice thing, right? It would be fantastic, but the FTCP is designed to deter professional debt collectors. These are different than ordinary creditors. That's a heck of a deterrence. He just passed it to you. That's big-time deterrence. Well, for claims, again, let's be very clear what we're talking about. Claims that the debt collectors are submitting without any good faith basis for believing they're enforceable. So if anyone objects, they immediately throw them in the towel and walk away. We're not talking about claims that are debatable. That's different, and they have a defense built into the FTCPA that protects them as long as they have procedures that are reasonably adapted to avoid violations. So this will not deter legitimate conduct. The only thing this deters is the filing of claims that they know are illegitimate, that they know we'll lose every single time, 100 percent of the time, if the system functions as Congress wanted it to. They only collect when the system malfunctions. I think that's the definition of an unfair and unconscionable practice. Well, let me ask you two things, too. Mr. Maurice's point is if you don't include these claims because they're time-barred, the debt collector can still not only be abusive with the values of the FTCPA, but can still send letters, can still make phone calls because the automatic stay is not operating. And after the bankruptcy, the debt is still going to be there. It's no less enforceable now than it was before the bankruptcy proceeding. How does that help the debtor? The debtors aren't concerned about time-barred debts when they declare bankruptcy. Maybe they should be, though. They're concerned about the persistent phone calls, aren't they? They are, but they can't. And to get back to the point, what are the central points of the FTCPA being passed? Your Honor, the FTCPA has a built-in provision that compensates for that. Again, 1692C, subsection C. They can cut it off with a simple letter. Write the letter, yeah, because everyone is so knowledgeable about that. Subsection C, and they all have time to do that, and they know where to start. Maybe the Apple user will be amused. But, again, the Congress is far more concerned about providing a heightened scheme of punishment and remedies for professional debt collectors who are not ordinary creditors, who aren't subject, they don't respond in the same way to the general scheme in the code that deals with ordinary general creditors. These are professionals, and Congress has these two schemes that work together. They overlay each other. There's no positive repugnancy. And the question is, if it applies on its face, then the court has to enforce both laws unless it is, in fact, in an irreconcilable conflict. Okay. I'm tempted to say I've raised my confidanthood to be one. I'm not going to go back into that war. But we understand your argument. Okay. Thank you very much, Your Honor. Take the letter of advisement.